U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

APR 2 9 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID PAUL SIMPSON | DOCKET NO. 08-CV-939 |
| VERSUS | JUDGE DEE D. DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on April 30, 2008 in the Middle District of Louisiana by *pro se* plaintiff David Paul Simpson. The case was transferred to the Western District of Louisiana and received on July 1, 2008. Plaintiff is incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. He names as Defendants Warden Tim Wilkinson, Officer Bruce Tripplet, and Officer Zachary Calahan. Plaintiff claims that Defendants failed to effectively break up an attack on Plaintiff by another inmate. He seeks monetary compensation for his injuries.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to

avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address **and no correction is made to the address for a period of thirty days.**" (Emphasis added.)

An order directing Plaintiff to amend his complaint was issued on January 27, 2009. The Order was returned as undeliverable on February 2, 2009, with a notation that Plaintiff had been released. [Doc. #7, p.1] More than thirty days have elapsed since the mail was returned, and Plaintiff has not provided the Court with his current address.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

## OBJECTIONS

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days**

2

after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE